## POTTS et ux. v. HALE-HALSELL CO.

No. 20177.   Opinion Filed July 14, 1931.

J. R. Hannah, for plaintiffs in error.

Utterback & Stinson and Roy Paul, for defendant in error.

RILEY, J. Plaintiffs in error commenced an action against defendant in error to set aside and cancel a mortgage covering 160 acres of land, upon the ground that it was executed under circumstances amounting to fraud so as to render the same voidable. The petition alleges, in substance, that E. F. Potts was the owner of the land involved, and that Fannie Potts was his wife; that on January 5, 1927, and for sometime prior thereto, E. F. Potts was in a critical condition mentally and physically; that on said date he was confined to his bed and was under the care of a physician, and because of his suffering was in an unconscious condition to such extent that he did not know anything pertaining to his personal or business matters; that this condition existed several days prior to and for several days after January 5, 1927; that on said date the agents and representatives of defendant in error induced him to execute the mortgage while he was in such mental condition as not to know and understand the contents and nature of the instrument he was signing, or to know that he, in fact, signed and acknowledged the same; that his wife, Fannie Potts, when she executed the mortgage was under such mental strain and anxiety that she was not responsible for her acts; that the mortgage was without adequate consideration, and was procured by fraud and undue influence.

Hale-Halsell Company, as defendant in that action, answered by way of general denial as to the allegations of fraud, undue influence, inadequacy of consideration, etc.

The note secured by the mortgage was for $2,000, and matured May 1, 1927.

Thereafter, and before the action brought for the cancellation of the mortgage was tried, the Hale-Halsell Company commenced an action in the district court of the same county for judgment upon the note and foreclosure of the mortgage. The petition was in the usual form, and E. F. Potts and Fannie Potts, as defendants in that action, answered by pleading substantially the same alleged facts as in their petition for the cancellation of the note and mortgage. The two causes were consolidated and tried together to a jury as one action, resulting in a verdict for the Hale-Halsell Company, upon which judgment was entered for the amount of the note, sustaining the mortgage and foreclosing the same. From this judgment and decree E. F. Potts and Fannie Potts appeal.

The first proposition submitted is that the court erred in refusing certain instructions requested by the plaintiffs in error, and in giving certain instructions. Plaintiffs in error saved no exceptions to the instructions given, and did not assign as error in their motion for a new trial the refusal to give their requested instructions.

The objection urged is that, by the instruction as given and by refusing the instruction requested by plaintiffs in error, the burden of proof was wrongfully kept upon plaintiffs in error, which, under the evidence, should have been shifted to the defendant in error.

There was no denial that E. F. Potts owed the Hale-Halsell Company, evidenced by the note which the mortgage was given to secure. The only defense to the note and mortgage was as to the mental capacity on the part of E. F. Potts to know the contents of the note and mortgage and to understand the effect thereof at the time he signed and acknowledged the mortgage, and that Mrs. Potts executed the instrument under a mistake of fact, thinking that the same was a mortgage to the First National Bank of Durant, and that she was also under such mental strain as not to know and understand the contents of the instruments or their effect. The court properly placed the burden of proof upon the plaintiffs in error.

The proposition of law covered by the first instruction offered by the plaintiffs in error was substantially covered by instruction No. 4, given by the court, wherein the jury was instructed that if they should believe and find from a fair preponderance of the evidence that E. F. Potts, at the time he signed the note and mortgage in controversy, was in such mental condition that he did not know and understand what he was

signing or doing, the note and mortgage would be of no force and effect, and that the verdict in such case should be in his favor, and also instructed the jury that if they should find and believe upon a fair preponderance of the evidence that, at the time Fannie Potts signed the note and mortgage in controversy, she signed the same under a mistake of fact, thinking that the note and mortgage were for a different purpose, and that she would not have signed same had she known the true purpose for which they were given, then she would be entitled to a verdict in her favor. This instruction states the law fairly to plaintiffs in error, and covered substantially the instructions numbered 1, 2, and 4, requested by them.

Requested instruction No. 3, on the question of consideration, was properly refused, for the reason that there was no evidence whatever tending to show the want of consideration for the note and mortgage. As stated before, plaintiffs in error did not deny the indebtedness.

Requested instruction No. 5, on the question of alleged fiduciary relation between plaintiffs in error and Mr. Curren, the banker, who acted as agent for the defendant in error in the execution of the note and mortgage, was properly refused, for the reason that there was no evidence tending to show such fiduciary relation.

We think there was no error in the instructions given, and plaintiffs in error did not save exceptions to any of them.

Plaintiffs in error next contend that the trial court erred in refusing to permit Mr. Potts to testify relative to a conversation had with Mrs. Potts, his wife, sometime before the execution of the note and mortgage, about giving a note and mortgage to the First National Bank of Durant. No authorities are cited in support of this contention. The conversation was one alleged to have occurred between E. F. Potts and Fannie Potts, husband and wife, sometime prior to the transaction here involved, and was not shown to have had any connection whatever with the execution of the note and mortgage involved. The testimony offered was, we think, clearly inadmissible, and there was no error in excluding it.

Mr. C. C. Hatchett, an attorney, was a witness for defendant in error, and testified, in substance, to a conversation had with Mrs. Potts over the telephone January 7, 1927, two days after the note and mortgage were executed, in which she told him that plaintiffs in error had made a settlement with Hale-Halsell Company and had given the note and mortgage.

Mrs. Potts was thereafter recalled and asked to tell the conversation she had with Mr. Hatchett. This was objected to. The court without ruling upon the objection told counsel he would permit him to ask Mrs. Potts if she had the conversation testified to with Mr. Hatchett. She answered, "I did not." Counsel for plaintiffs in error then asked her if, in that conversation, she had told Mr. Hatchett that they had settled with Hale-Halsell Company. The court sustained an objection thereto, and counsel contend that this was reversible error. While it might have been proper to allow Mrs. Potts to explain her answer more fully, we think the error, if any, was not such as to require a reversal. The essential part of Mr. Hatchett's testimony was that Mrs. Potts had, within two days after the date of the note and mortgage, acknowledged having had a settlement with Hale-Halsell Company, and that plaintiffs in error had given the company a mortgage. She flatly denied this statement, and had done so once before. While on the stand as a witness in chief, upon cross-examination, she was asked the direct question whether she told Mr. Hatchett that she had given Hale-Halsell Company a mortgage, and that if Mr. Dorsey did not put up a part that she and Potts would buy him out and pay the other creditors. She answered that she did not tell Mr. Hatchett that, or that in substance. We think Mrs. Potts was given a fair opportunity to deny the testimony of Mr. Hatchett on this point, and that she did so, and to have permitted her to detail a conversation would have added little, if anything, to her denial of the testimony of Mr. Hatchett.

It is also contended that the testimony of Mr. Hatchett above referred to was improperly admitted, for the reason that Hatchett was acting as attorney for Mr. and Mrs. Potts, and, therefore, the communication was privileged.

The record does disclose that some ten days after the alleged conversation, Mr. Hatchett was employed by plaintiffs in error in connection with effecting a settlement between plaintiffs in error and one Dorsey, who was a partner with Mr. Potts in the grocery business, and, also, that he sometime thereafter represented Mr. and Mrs. Potts in an action somewhat similar to the instant one, in which the execution of certain notes and agreements with the First National Bank of Durant was involved, but we think from the record it appears that Mr. Hatchett was not representing either Mr. Potts or Mrs. Potts at the time of the alleged conversation. The

trial court went into the question thoroughly before he permitted Mr. Hatchett's testimony to go to the jury. The trial court held that the testimony was admissible, and, in effect, held that the relation of attorney and client did not exist at the time of the alleged conversation. In this we think the trial court was correct, and that there was no error in admitting the evidence of the witness Hatchett.

The question of the mental capacity of plaintiff in error E. F. Potts, and the question of whether or not Mrs. Potts knew and understood the nature of the note and mortgage and their purpose, were submitted to the jury upon conflicting evidence under fair instructions, and we cannot say that the verdict rendered by the jury, or the judgment of the trial court based thereon, was not supported by sufficient evidence, or against the clear weight thereof.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. SWINDALL, J., absent.